Xiaojie v. Garland

BIA
Segal, IJ
A205 979 908

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of December, two thousand twenty-two.

PRESENT:
    RAYMOND J. LOHIER, JR.,
    MYRNA PÉREZ,
    ALISON J. NATHAN,
        *Circuit Judges.*

_____

JIANG XIAOJIE, AKA XIOJIE JIANG,
        *Petitioner,*

    v.                                          20-1593
                                                NAC
MERRICK B. GARLAND,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Farah Loftus, Esq., Sherman Oaks, CA.

FOR RESPONDENT:        Bryan Boynton, Acting Assistant Attorney General; Anthony C.

Payne, Assistant Director, Judith R. O'Sullivan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jiang Xiaojie, a native and citizen of the People's Republic of China, seeks review of an April 28, 2020, decision of the BIA affirming a June 14, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Jiang Xiaojie,* No. A205 979 908 (B.I.A. Apr. 28, 2020), *aff'g* No. A205 979 908 (Immig. Ct. N.Y. City June 14, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review adverse credibility determinations for substantial evidence, *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018),

2

and we treat the agency's findings of fact as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

While we apply a deferential standard of review to an IJ's credibility determination, "[w]e must assess whether the agency has provided specific, cogent reasons for the adverse credibility finding and whether those reasons bear a legitimate nexus to the finding." *Hong Fei Gao*, 891 F.3d at 77 (internal quotation marks and citation omitted).

"Considering the totality of the circumstances, and all relevant facts, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii).

Substantial evidence here supports the agency's adverse credibility determination.

3

The agency reasonably relied on inconsistencies related to the sole basis of Xiaojie's claims, his alleged two-week detention for attending an underground Christian church. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Xiaojie's and his sister's testimony were inconsistent as to whether his sister visited him while he was detained, whether their mother visited him in detention, who told his sister he was detained, when she learned of that detention (before or after his release), who told their mother to pay bond for his release, and whether his sister knew that individual. These inconsistencies provide substantial evidence for the adverse credibility finding because they undermine Xiaojie's claim that he was detained, which is the sole basis for his claims for relief. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020)("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). Xiaojie's argument that the inconsistencies are minor fails because the agency "may rely on *any* inconsistency" where, as here, "the 'totality of the circumstances' establishes that an asylum applicant is not

4

credible." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii))).

While CAT relief and withholding of removal may be available notwithstanding an adverse credibility ruling as to asylum, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court